IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 19 2018 ★
LONG ISLAND OFFICE

| | |
|---|---|
| APTIVE ENVIRONMENTAL, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>VILLAGE OF FLORAL PARK, NEW YORK,<br><br>　　　　　　　　　　　Defendant. | **AGREED ORDER FOR PRELIMINARY INJUNCTION**<br><br>Case No. CV-18-4690 |

Before the Court is Plaintiff, Aptive Environmental, LLC's ("Aptive" or "Plaintiff") Motion for Temporary Restraining Order against the Village of Floral Park, New York (the "Village" or "Defendant"), and the Court's Order to Show Cause why a preliminary injunction should not be entered enjoining and restraining Defendant from enforcing its ordinance prohibiting door-to-door solicitation, found in Section 47-9 of the Floral Park Code (the "Solicitation Ban"). Defendant consents to the entry of a preliminary injunction enjoining the enforcement of the Solicitation Ban, subject to several conditions set forth below to which Aptive has also agreed. The Parties further agree for purposes of this Agreed Order that all requirements necessary for the entry of a preliminary injunction have been met.

**IT IS THEREFORE ORDERED:**

　　1.　　A preliminary injunction is hereby entered against Defendant enjoining the enforcement of Defendant's Solicitation Ban, found in Section 47-9 of the Village of Floral Park Code.

　　2.　　This injunction is subject to the following conditions:

    a. Aptive provides the Village Clerk with a list of names of the individuals who will be soliciting within the Village prior to solicitation;

    b. Solicitation occurs only between the hours of 9:00 a.m. and dusk (defined as 30 minutes after sunset);

    c. Solicitation should not take place in any household or premises with a "no solicitation" sign clearly posted on or near the front door of such household;

    d. The preliminary injunction applies only to Plaintiff and its agents, employees, and any entities acting in concert and participation with it;

    e. The agreement with respect to the issues of the TRO and the issuance of a preliminary injunction, namely not to enforce the existing code, does not constitute a waiver of any defense that the Village may have to the underlying action.

3. This Order will remain in full force and effect until this Court renders its decision on the merits of Plaintiff's claims.

4. This stipulation satisfies the directive for plaintiff to submit a proposed order, as set forth in paragraph "7" of the Court's Order to Show Cause (ECF Doc. 8 filed 8/21/18, the "OSC") and obviates the need for any response to the order to show cause or any further proof of service anticipated by paragraphs "2" through "6" of the OSC.

5. The return date of the OSC has now been converted into a conference to be attended by counsel in person or by telephone on November 4, 2018 at 4:00 p.m.

6. Defendant's time to answer or move with respect to the plaintiff's complaint is extended, and Defendant shall have until November 19, 2018 to answer or move to dismiss.

IT IS SO ORDERED on this 19th day of October, 2018.

                                      *Joseph Bianco*
                                      UNITED STATES DISTRICT JUDGE